IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Charles Jones, | : | Case No. 3:12 CV 1490 |
|     Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Sol Zyndorf, et al., | : | |
|     Defendants. | : | |

## I. INTRODUCTION

Plaintiff Charles Jones ("Plaintiff") seeks money damages and litigation fees resulting from the alleged negligent practice of law of Defendant, attorney Sol Zyndorf ("Defendant Zyndorf") and the Law Offices of Rubin and Zyndorf (collectively referred to as "Defendants") (Docket No. 1). On July 25, 2013, the parties consented to the jurisdiction of the undersigned Magistrate to adjudicate all further proceedings in this matter and enter judgment pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73 (Docket No. 21). Pending is Defendant's Motion for Summary Judgment, filed May 1, 2013 (Docket No. 16), and Plaintiff's Opposition, filed June 14, 2013 (Docket No. 18). For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

## II. FACTUAL BACKGROUND

The facts of this case stem from two underlying state cases between Plaintiff and various

1

employees of the Lucas County Jail and the Lucas County Sheriff's Department,[1] case number G-4801-C1-200801010-000. On January 2, 2008, following a period of incarceration in the Lucas County Jail, Plaintiff filed, *pro se*, a complaint against Lucas County Jail Nurse Karen Zoliak ("Ms. Zoliak"), Lucas County Jail Director of Nursing Valerie Sylvester ("Ms. Sylvester"), and the Lucas County Sheriff's Medical Department (Docket No. 16, Attachment 2). Plaintiff alleged Ms. Zoliak administered the wrong medications on multiple occasions, causing Plaintiff to become dizzy, fall, and injure his shoulder (Docket No. 16, Attachment 2). Plaintiff reported these errors to Ms. Sylvester, who allegedly failed to adequately respond to his complaint (Docket No. 16, Attachment 2). On that same date, Plaintiff filed a second complaint, *pro se*, against Lucas County Jail Psychiatrist Dr. Valko, alleging that Dr. Valko refused to give Plaintiff his prescribed psychiatric medication, causing Plaintiff to lose weight and suffer a great deal of undue stress and mental anguish (Docket No. 16, Attachment 3). The Lucas County defendants filed their Answer, asserting governmental immunity (Docket No. 16, Attachment 23).

On July 22, 2008, the Lucas County defendants filed a Motion for Judgment on the Pleadings, again asserting sovereign immunity (Docket No. 16, Attachment 23). On October 28, 2008, a Lucas County Court of Common Pleas judge denied the Motion, and the Lucas County defendants appealed (Docket No. 16, Attachment 23). The Sixth District Court of Appeals affirmed the decision of the trial court, "noting that [Plaintiff's] allegations are not limited to mere negligence, but include allegations that, if proven, state a claim based upon reckless or

---

[1] For ease of discussion, all defendants in Plaintiff's underlying cases will collectively be referred to as "Lucas County defendants."

wanton misconduct, for which immunity is lacking . . . ." (Docket No. 16, Attachment 23) (internal citations omitted).

On August 18, 2009, Plaintiff filed, *pro se*, a Motion for Summary Judgment (Docket No. 16, Attachment 23, p. 2 of 8). The Lucas County defendants filed no response (Docket No. 16, Attachment 23, p. 2 of 8). On July 12, 2010, the trial court denied Plaintiff's Motion (Docket No. 16, Attachment 23, p. 2 of 8).

On December 2, 2009, following an initial consultation, Plaintiff retained the services of Defendant Zyndorf and his law firm (Docket No. 18, Attachment 1). Operating under a contingent fee agreement, the parties agreed Defendant Zyndorf would receive one-third of any gross sum received by Plaintiff (Docket No. 18, Attachment 1). The agreement also stated the Defendants were "entitled to receive reimbursement for any expenses incurred on behalf of client, upon request of attorney, whether in the nature of court costs advanced, court reporter fees, deposition fees, investigation fees, or any other monies advanced in a similar nature" (Docket No. 18, Attachment 1). Contrary to Plaintiff's current allegations, the contingent fee agreement made no mention of Defendant Zyndorf or his firm covering outright the administrative costs of Plaintiff's representation (Docket No. 18, Attachment 1).

Defendant Zyndorf's records indicate that, during the course of representation, the parties met several times, both at Defendant Zyndorf's office and Plaintiff's home (Docket No. 16, Attachment 14). Defendant Zyndorf also met with Plaintiff during his stay at the Gus Harrison Correctional Facility in Adrian, Michigan (Docket No. 16, Attachment 14). Defendant Zyndorf alleges Plaintiff was knowingly evasive during these meetings, providing Defendant Zyndorf with false and misleading information (Docket No. 16, pp. 3-4 of 16). Specifically, Defendant

3

Zyndorf alleges Plaintiff created a potential witness list that did not contain proper contact information for most of the witnesses and included the names of non-existent Lucas County Jail employees (Docket No. 16, pp. 3-4 of 16). Defendant Zyndorf alleges Plaintiff also told him that Flower Hospital had a record of Plaintiff's shoulder injury, which it did not (Docket No. 16, p. 4 of 16; Docket No. 16, Attachment 5). Plaintiff denies these allegations (Docket No. 18, pp. 3-5 of 15).

Defendant Zyndorf further alleges Plaintiff impeded his own representation by failing to pay for expenses associated with discovery, including conducting witness depositions and acquiring transcripts (Docket No. 16, p. 4 of 16). Two letters from Defendant Zyndorf to Plaintiff confirm this allegation (Docket No. 16, Attachments 6 and 7). Defendant Zyndorf also alleges Plaintiff failed to provide updated contact information (Docket No. 16, Attachment 8).

On August 24, 2010, Plaintiff was arrested for felony cultivation of marijuana and incarcerated in Gus Harrison (Docket No. 16, Attachment 10). He was sentenced to a maximum of seven years but was paroled on June 28, 2012 (Docket No. 16, Attachment 10). Defendant Zyndorf alleges Plaintiff never informed him of these charges, instead telling Defendant Zyndorf he was incarcerated on a parole violation (Docket No. 16, p. 5 of 16). Despite an offer from Lucas County Judge Stacy L. Cook ("Judge Cook") to dismiss Plaintiff's case against the Lucas County defendants without prejudice, given his incarceration (Docket No. 16, p. 5 of 16), Plaintiff opted to proceed to trial (Docket No. 16, Attachment 9), which was scheduled for March 21, 2011 (Docket No. 16, Attachment 13).

On February 24, 2011, the Lucas County defendants filed a Motion for Summary Judgment, arguing: (1) Plaintiff failed to state a claim; (2) Plaintiff failed to provide any

4

evidence in support of his claim; and (3) Plaintiff's claims were barred by immunity (Docket No. 16, Attachment 23, p. 2 of 8). Using R.C. § 2744 as her guide, Judge Cook determined that Plaintiff failed to present any genuine issue of material fact as to the sovereign immunity of the Lucas County defendants (Docket No. 16, Attachment 23). Summary judgment was therefore granted and Plaintiff's claims were dismissed with prejudice (Docket No. 16, Attachment 23).

Following the Court's summary judgment ruling, Plaintiff sent a letter to Defendant Zyndorf threatening a legal malpractice action unless Defendant Zyndorf won his appeal (Docket No. 16, Attachment 17). On July 25, 2011, Defendant Zyndorf filed a Motion to Withdraw as Plaintiff's counsel (Docket No. 16, p. 4 of 16). Defendant Zyndorf filed a Supplemental Motion to Withdraw on August 16, 2011, citing threatening letters, non-payment of fees, and a failure to communicate (Docket No. 16, Attachment 18). Defendant Zyndorf's Motion was granted on August 31, 2011 (Docket No. 16, Attachment 19).

On June 12, 2012, Plaintiff did file a Complaint against Defendant Zyndorf and his law firm in the United States District Court, Northern District of Ohio, Eastern Division, alleging negligent representation (Docket No. 1). Plaintiff is seeking twelve million dollars for monetary damages and undue mental anguish, anxiety, and stress (Docket No. 1). Plaintiff is also seeking the revocation of Defendant Zyndorf's law license and any and all legal fees associated with his Complaint (Docket No. 1).

On May 1, 2013, Defendants filed a Motion for Summary Judgment, now pending before this Court (Docket No. 16). Although they acknowledge an attorney-client relationship and resulting duty from that relationship, Defendants allege that there is no genuine issue of material fact as to breach of duty, proximate cause, or damages (Docket No. 16). Defendants further

claim that Plaintiff has not produced the necessary expert witness to prove his claims (Docket No. 16). Plaintiff opposes the Motion (Docket No. 18).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show "that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(a). The moving party bears "the initial burden of proving that no genuine issue of material fact exists." *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001). The court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Id*. Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Averill v. Gleaner Life Ins. Soc'y*, 626 F.Supp.2d 756, 761 (N.D. Ohio 2009) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)) (*quoting* FED.R.CIV.P. 56(e)).

Once the burden shifts, Rule 56(e) requires the nonmoving party "go beyond the [unverified] pleadings" and present some type of concrete evidentiary material in support of its position. *Averill*, 626 F.Supp.2d at 761 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The nonmoving party "cannot rest on its pleadings or merely reassert its previous allegations." *Averill*, 626 F.Supp.2d at 761. It is "insufficient 'simply [to] show that there is some metaphysical doubts as to the material facts.'" *Id*. (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

In deciding a motion for summary judgment, "the evidence of the non-moving party will be believed as true, all doubts will be resolved against the non-moving party, all evidence will be

6

construed in the light most favorable to the non-moving party, and all inferences will be drawn in the non-moving party's favor." *Averill*, 626 F.Supp.2d at 761 (*citing Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992)). Summary judgment will only be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Averill*, 626 F.Supp.2d at 761 (*citing Celotex,* 477 U.S. at 322); *see also* FED.R.CIV.P. 56©.

## IV. ANALYSIS

**A.     Ohio Legal Malpractice Standard**

When federal court jurisdiction is based upon diversity of citizenship, this Court must apply the substantive law of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In order to establish a cause of action for legal malpractice based on negligence under Ohio law, a plaintiff must prove the following elements: (1) the existence of an attorney-client relationship; (2) a professional duty arising from that relationship; (3) breach of that duty; (4) proximate cause; and (5) damages. *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 228 (Ohio 2008) (*citing Vahila v. Hall*, 77 Ohio St.3d 421, 427 (Ohio 1997)). "If a plaintiff fails to establish a genuine issue of material fact as to *any* of the elements, the defendant is entitled to summary judgment on a legal-malpractice claim." *Shoemaker*, 118 Ohio St.3d at 228 (emphasis added). Additionally, "Ohio courts *require* expert evidence in a legal malpractice case to establish the attorney's breach of the duty of care." *Montgomery v. Gooding, Huffman, Kelly & Becker*, 163 F.Supp.2d 831, 835 (N.D. Ohio 2001) (*citing Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203 (Ohio Ct. App. 1983)) (emphasis added). "An exception to this rule exists where the breach is so

obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Montgomery*, 163 F.Supp.2d at 835.

**B.     Breach of Duty**

Defendants do not dispute the existence of an attorney client relationship between the parties (Docket No. 16, p. 9 of 16). Nor do they dispute that certain professional duties arose from that relationship (Docket No. 16, p. 9 of 16). However, Defendants contend they did not breach that duty (Docket No. 16, p. 9 of 16). This Court would agree.

To show breach of duty, a malpractice plaintiff "must meet his burden of proof with *expert testimony* that the defendant attorney fell below the applicable standard of care ordinarily exercised by members of the legal profession under similar circumstances . . . . " *Thompson v. Karr*, 4 F.Supp.2d 731, 734 (N.D. Ohio 1998) (*citing Landis v. Hunt*, 80 Ohio App.3d 662, 668 (Ohio Ct. App. 1992)) (emphasis added). Here, Plaintiff offers no expert witness to prove Defendant Zyndorf's alleged breach (Docket No. 20). Plaintiff merely offers the possibility of "expert witnesses to be named at a later date" (Docket No. 20). This case was filed more than a year ago (Docket No. 1) thereby giving Plaintiff enough time during the discovery phase to locate any necessary expert witness. To date, Plaintiff has failed to provide any more specific identifying information as to his expert witnesses. Furthermore, Plaintiff has failed to provide any possible testimony such expert witnesses may offer. Without an expert witness, Plaintiff cannot prove breach unless "the breach is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Montgomery*, 163 F.Supp.2d at 835. Even when the evidence is viewed in a light most favorable to Plaintiff, Plaintiff is unable to prove breach of duty under this standard.

In his Complaint, Plaintiff makes numerous accusations concerning Defendant Zyndorf's alleged negligent representation, most notably Defendant Zyndorf's alleged failure to contact and investigate Plaintiff's proposed witnesses (Docket No. 1). According to Plaintiff, Defendant Zyndorf never even tried to contact any of the witnesses listed, despite promises to do so (Docket No. 1, pp. 3, 5 of 8). In support of his claim, Plaintiff offers an affidavit of Leonard J. McClellan, Jr. ("Mr. McClellan"), who describes a May 2010 conversation between Plaintiff and Defendant Zyndorf at Defendant Zyndorf's office (Docket No. 18, Attachment 1). According to Mr. McClellan, Defendant Zyndorf allegedly promised to speak to Plaintiff's proposed witnesses right away (Docket No. 18, Attachment 1). Plaintiff also offers jail identification information for proposed witnesses Jaquis Roy and Tyler Oehlers, showing their dates of incarceration and release (Docket No. 18, Attachment 1).

Defendant Zyndorf denies any failure to contact these witnesses, claiming instead that Plaintiff provided either erroneous contact information or no contact information at all (Docket No. 16, Attachment 22, p. 2 of 9). Furthermore, with regard to the listed Lucas County Jail employees, Defendant Zyndorf claims the Jail informed him there were no employees, past or current, with those names (Docket No. 16, Attachment 22, p. 2 of 9).

Plaintiff also alleges Defendant Zyndorf offered to cover, outright, all administrative costs associated with Plaintiff's case (Docket No. 1, p. 2 of 8). Defendant Zyndorf denies this allegation, citing two letters in which Plaintiff was advised of the need to advance $1,500 to cover the cost of depositions and transcripts (Docket No. 16, Attachments 6, 7).

With regard to court proceedings, Plaintiff alleges Defendant Zyndorf failed to respond to a request for clarification on a Motion to Compel answers and failed to timely file a response to a

9

Motion for Summary Judgment (Docket No. 1). On the Motion to Compel, Defendant Zyndorf indicated, in his own answers to interrogatories, that he chose not to file any response after reviewing Plaintiff's notes as to why the answers were allegedly incomplete (Docket No. 16, Attachment 22, p. 4 of 9). According to Defendant Zyndorf, Plaintiff's notes did not prove that the answers provided were in any way incorrect or incomplete and he could not, in good faith, pursue further clarification (Docket No. 16, Attachment 22, p. 4 of 9).

Defendant Zyndorf also acknowledges his delay in filing a response to a Motion for Summary Judgment filed by the Lucas County defendants (Docket No. 16, Attachment 22, p. 6 of 9). Defendant Zyndorf notes that the delayed response was allowed by the court, given Plaintiff's incarceration and the need for further research (Docket No. 16, Attachment 22, p. 6 of 9).

On motions for summary judgment, this Court is required to view any and all evidence in a light most favorable to the non-moving party, which is, in this case, Plaintiff. *Averill*, 626 F.Supp.2d at 761. However, as stated above, in cases of breach of attorney duty, without an expert witness, the alleged breach must be "so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Montgomery*, 163 F.Supp.2d at 835. Given his lack of expert testimony and minimal evidence, and even viewing the provided evidence in a light most favorable to Plaintiff, Plaintiff cannot show that Defendant Zyndorf's breach meets this standard. Therefore, this Court finds no genuine issue of material fact as to Defendant Zyndorf's alleged breach of duty. Summary judgment may be granted on this element alone.

C.	**Proximate Cause**

Even assuming Plaintiff could show breach of duty, Plaintiff is unable to prove Defendant Zyndorf was the proximate cause of his damages. The fourth element of a claim for legal malpractice requires a plaintiff to show "a causal connection between the conduct complained of and the resulting damage or loss." *Vahila*, 77 Ohio St.3d at 427. Although not true in every case, 'the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim." *Id*. at 427-28.

Here, Plaintiff has failed to show evidence of the merits of his underlying claim. The Lucas County defendants were granted summary judgment on the basis of sovereign immunity (Docket No. 16, Attachment 23). Under R.C. § 2744.02, a political subdivision is "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." It was undisputed that the Lucas County Jail is a political subdivision and its employees government employees (Docket No. 16, Attachment 23). Therefore, the Lucas County defendants were immune from liability unless Plaintiff could show their acts or omissions were: (1) manifestly outside the scope of their employment or official responsibilities; or (2) done with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. § 2744.03(A)(6)(a), (b).

Plaintiff provided no evidence that the Lucas County defendants actions, if believed as true, were somehow outside the scope of their employment (Docket No. 16, Attachment 23, p. 6

of 8). Furthermore, Plaintiff did not offer any evidence that the defendants alleged negligence was actually wanton misconduct (Docket No. 16, Attachment 23, p. 7 of 8). Therefore, Judge Cook had no choice but to grant summary judgment in favor of the Lucas County defendants, given their protected immunity status (Docket No. 16, Attachment 23).

Similarly, in this federal litigation, Plaintiff fails to present any evidence that suggests the actions of the Lucas County defendants were outside the scope of their employment or were in any way done in bad faith, malicious, wanton, or reckless. Without such evidence, Plaintiff cannot prove that Defendant Zyndorf was negligent in his inability to overcome summary judgment in the underlying case. And, without this link, Plaintiff cannot now prove that Defendant Zyndorf was the proximate cause of any damage resulting from the underlying award of summary judgment. Given the lack of any genuine issue of material fact on the required element of proximate cause, Defendant's Motion for Summary Judgment must be granted.

**D.      Damages**

Finally, with regard to the fifth element of a legal malpractice case, damages, Plaintiff seeks relief for two alleged injuries: mental anguish, anxiety, and stress, and Plaintiff's alleged loss of ten million dollars in the underlying case (Docket No. 1). As a general rule, under Ohio law, "[w]hen an attorney commits malpractice in a civil case, the lion's share of the damages derives from the value of the lost claim." *Paterek v. Petersen & Ibold*, 118 Ohio St.3d 503, 507 (Ohio 2008).

With regard to Plaintiff's claim for damages for mental anguish, anxiety, and stress, although the Ohio Supreme Court has not yet ruled on the matter, current Ohio law states that, "[i]n the legal malpractice context . . . compensatory damages may be awarded for mental

12

suffering, anguish and humiliation where they are sustained as the result of wrongful, intentional and willful conduct." *Cunningham v. Hildebrand*, 142 Ohio App.3d 218 (Ohio Ct. App. 2001). Here, Plaintiff has not produced any evidence suggesting that Defendant Zyndorf's alleged actions satisfy the "intentional, willful conduct" standard. As such, Plaintiff is not entitled to damages for mental anguish, anxiety, or stress.

With regard to the remaining portion of Plaintiff's claim for damages, "[t]he prevailing rule is that the client's recovery is limited to the amount that would have been *collectible*." *Paterek*, 118 Ohio St.3d at 508 (emphasis added). The Ohio Supreme Court has held "that collectibility is logically and inextricably linked to the legal-malpractice plaintiff's damages, for which the plaintiff bears the burden of proof. In proving what was lost, the plaintiff must show what would have been gained." *Id*. at 509.

Here, Plaintiff sued the Lucas County defendants for ten million dollars (Docket No. 1, p. 7 of 8). According to Plaintiff, as a result of Defendant Zyndorf's negligence, he lost the opportunity to collect that ten million dollars (Docket No. 1, p. 7 of 8). As stated above, in order to be successful in the underlying action, Plaintiff would have had to overcome the Lucas County defendants' immunity (Docket No. 16, Attachment 23). Plaintiff presented no evidence, then or now, in order to do so. As such, Plaintiff has no evidence that the ten million dollars he allegedly lost was *actually collectible* from the Lucas County defendants. Plaintiff's failure to prove damages makes summary judgment for defendants appropriate.

## V. CONCLUSION

For the foregoing reasons, the Magistrate grants Defendants' Motion for Summary Judgment in its entirety. Additionally, Plaintiff's claim is dismissed.

**SO ORDERED.**

                                                                                      /s/Vernelis K. Armstrong
                                                                                      United States Magistrate Judge

Date: August 15, 2013